UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                     CAUSE NO.: 3:15CR022

GRAEME HARRIS                                               DEFENDANT

---

RULE 16 MOTION FOR DISCOVERY

---

COMES NOW the Defendant, GRAEME HARRIS, and moves the court to compel the government to produce forthwith the following requested discovery materials pursuant to the Federal Rules of Criminal Procedure; the local rules of court; the Federal Rules of Evidence; 18 U.S.C. §§ 25 10-2520, 3500 and 3504; and the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution:

REQUEST NO. 1: Please provide a copy of any oral statement made by the Defendant, before or after arrest, to any government agent and which the government intends to use at trial. See Federal Rule of Criminal Procedure 16(a)(1)(A).

REQUEST NO. 2: Please provide a copy of any written or recorded statement(s) made by the Defendant and which is within the government's possession, custody or control and the existence of which is known by – or through due diligence could become known by – an attorney for the government. Your response should include the portion of any written record containing the substance of any oral statement requested in Request No. 1 herein above. Your response should also include the Defendant's recorded testimony, if any, before a grand jury relating to the charged offense. See Federal Rule of Criminal Procedure 16(a)(1)(B).

REQUEST NO. 3: Please provide a copy of the Defendant's prior criminal record that is within the government's possession, custody or control and the existence of which is known by – or through due diligence could become known by – an attorney for the government. See Federal Rule of Criminal Procedure 16(a)(1)(D).

REQUEST NO. 4: Please provide a copy of any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is material to preparing the defense, if the government intends to use the item in its case-in-chief at trial, or if the item was obtained from or belongs to the Defendant. See Federal Rule of Criminal Procedure 16(a)(1)(E).

REQUEST NO. 5: Please provide a copy of any oral or written statement made by the Defendant in response to any Miranda warnings which may have been given. See U.S. v. McElroy, 697 F. 2d 459 (2d Cir. 1982).

REQUEST NO. 6: Please provide a list of any information and copies of any material(s) known to the government and which may be favorable to the Defendant on the issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1963); U.S. v. Bailey, 473 U.S. 667 (1985); and Kyles v. Whitley, 514 U.S. 419 (1995), including the following:

    a.    Any material or information which would tend to attenuate, exculpate, exonerate, mitigate, or reduce or limit the Defendant's involvement in, or liability for, any of the circumstances alleged in the Indictment;

    b.    Any material or information which affects the credibility of any government witness or which would be of assistance in the cross-examination of any government witness, including (i) prior criminal records (including juvenile court matters or

arrests which did not result in conviction), (ii) any records and information revealing prior misconduct or bad acts, (iii) inconsistent statements, (iv) self-incriminating statements, (v) inconclusive or deceptive performance on any portion of a polygraph examination, (vi) any threats, investigations, or possible prosecutions pending or which could be brought against the witness, (vii) any supervision status, (viii) any pending or potential legal disputes with any local, state or federal government or agency, (ix) information concerning any possible motive of the witness in offering statements or testimony, (x) information concerning any agreements, deals, promises or inducements offered, discussed or made with a witness by any local, state or federal government employee, without regard to whether or not such employee was authorized to offer such to the witness, (xi) sufficient identification of each occasion on which the witness has previously testified so that defense counsel may investigate such matters and obtain transcripts if necessary, (xii) personnel and government files concerning the witness, and (xiii) whether the witness has ever had his or her credibility or reliability questioned or doubted by any court, prosecutor, or law enforcement agent;

    c.    Any material or information concerning other potential witnesses whose testimony might tend to weaken any portion of the government's case, or contradict any government witness, or strengthen the defense case;

    d.    Any material or information which might raise questions concerning (i) the probative value of any physical evidence which the government intends to use at trial, (ii) the good faith or thoroughness of the investigation conducted by any law enforcement personnel which contributed to the indictment, or (iii) law enforcement reliance on unreliable informants or information;

e.	Any statements, testimony or physical evidence concerning criminal conduct relevant to the allegations contained in the indictment but which do not include reference to the defendant. For example, this would include prior statements of a government witness in which the witness was listing persons known by him to have committed relevant criminal acts, where such statement did not include a reference to the defendant. As another example, this would include the recovery of photographs or latent fingerprints from a crime scene, where such photographs did not show the defendant, or where the fingerprints did not include prints of the defendant.

REQUEST NO. 7: Please provide documentary evidence of the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to any co-conspirators, whether they be charged/indicted or not, or made to any prospective witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972), including any documents which reflect, or information concerning, any agreement with the co-conspirator, witness, any conduct requirements or performance expectations of the co-conspirator or witness, any payment promised to or made to the co-conspirator or witness, any requests by the co-conspirator or witness for payment, or any items submitted by the co-conspirator or witness for payment, and the dates, times and amounts of any payments or promises given.

REQUEST NO. 8: Please provide copies of any record of prior convictions of any alleged informant, co-conspirator, when indicted or un-indicted, or any other witness who will testify for the government at trial, together with any evidence that any prospective witness has engaged in criminal activity whether or not resulting in conviction. See Federal Rule of Evidence 608(b) and Brady, supra.

REQUEST NO. 9: Please provide information and documentation regarding the procedure,

4

participants and results of any line-up, show-up, photo spread or similar procedure which was used to identify the Defendant, together with any pictures or photographs. Identification requests or attempts which did not result in the identification of the Defendant should also be included in your response as <u>Brady</u> material.

REQUEST NO. 10: Please provide copies of any latent fingerprints, or prints of any type, discovered and taken or recorded in connection with any investigation of the offenses charged, and any reports concerning such fingerprints. Any such prints identified as not being those of the Defendant should be provided as Brady material.

REQUEST NO. 11: Please provide a list and detailed description of any evidence which the government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). The description should fairly apprise the Defendant of the general nature of such evidence and be sufficiently clear so as to permit pretrial resolution of the issue of its admissibility. See U.S. v. Barnes, 49 F. 3d 1144, 1148-49 (6th Cir. 1995); U.S. v. Lampley, 68 F. 3d 1296 (11 Cir. 1995).

REQUEST NO. 12: Please provide any and all information in your possession, whether documentary or otherwise, concerning whether or not the Defendant was an "aggrieved person" as defined in 18 U.S.C. §2510(11).

REQUEST NO. 13: Please provide a list and detailed description of any evidence which the government intends to use at trial and which was obtained as a result of a search, seizure, or electronic, audio or video interception, including a statement whether such evidence was discovered or obtained pursuant to a warrant and, if so, a copy of such warrant and all supporting affidavits or telephone transcriptions.

REQUEST NO. 14: Please provide any information and materials to which the Defendant is entitled pursuant to Jencks, 18 U.S.C. §3500 and Federal Rule of Criminal Procedure 26.2,

including a transcript of the grand jury testimony of all witnesses who will testify in the government's case-in-chief. Pretrial production of these materials is requested so that unnecessary delays, recesses or continuances may be avoided during trial.

REQUEST NO. 15:  Please provide a copy of any and all law enforcement reports and/or notes, notes of interviews, or dispatch tapes and/or logs that relate to the circumstances surrounding the incident which is at the heart of this case, including any questioning incident or subsequent thereto.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the Defendant, witnesses, or others interviewed, or in which any other discoverable information is contained.  Preservation of these materials by all government agents and officers connected to this case is requested, regardless of whether the government deems such materials to be discoverable at this time.

REQUEST NO. 16:  Please provide a transcript of all grand jury witness testimony against the Defendant, no matter if the Government intends to call such witness or not.

REQUEST NO. 17:  Please provide a copy of any evidence that any prospective government witness is biased or prejudiced against the Defendant, or has a motive to falsify or distort his or her testimony.  See Pennsylvania v. Ritchie, 480 U.S. 39 (1987); U.S. v. Strifler, 851 F. 2d 1197 (9 Cir. 1988).

REQUEST NO. 18: Please provide a copy of any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic. See U.S. v. Strifler, supra; Chavis v. North Carolina, 637 F. 2d 213, 224 (4 Cir. 1980).

REQUEST NO. 19: Please provide any and all relevant information concerning any

6

informants or cooperating government witnesses involved in this case, including the identification of any informants or cooperating witnesses, as well as the identity of any other percipient witnesses unknown to the Defendant. See Roviaro v. U.S., 353 U.S. 53 (1957).

REQUEST NO. 20: You are further requested to promptly disclose any additional evidence or materials discovered before or during trial in accordance with Federal Rule of Criminal Procedure 16(c).

REQUEST NO. 21: Please provide the names and contact information of all those University of Mississippi students and staff who felt injured, oppressed, threatened, or intimidated by the actions the Defendant is charged with in Count I of the Indictment, as well as any supporting documentation.

REQUEST NO. 22: Please provide the names and contact information of all those University of Mississippi African-American students and staff whom the Defendant intimidated and interfered with through the use of force or threat of force as alleged in Count II of the Indictment, as well as any supporting documentation.

REQUEST NO. 23: Please provide and allow the Defendant to inspect and copy all evidence and information the Government contends shows University of Mississippi students and staff were oppressed, threatened, intimidated or injured.

REQUEST NO. 24: Please provide and allow the Defendant to inspect and copy all evidence and information the Government contends shows the Defendant intimidated and interfered with African-American students and staff at the University of Mississippi.

REQUEST NO. 25: Please provide enrollment figures, broken down by race, for the 2014 Spring Semester, the 2014 Fall Semester, and the 2015 Spring Semester, as well as documentation to support such figures. Should this case not be tried prior to the beginning of the

2015 Fall Semester, please provide the same enrollment figures for that semester as well.

REQUEST NO. 26: You are further requested to produce any plea agreement or other written agreement between the United States Government or any state government, of which the government is aware, and all cooperating individuals in this case, and a summary of the terms of any agreement between the United States Government and/or state government, of which the government is aware, and any cooperating individual in this case which has not been reduced to writing.

DATED this 27th day of March, 2015.

                                                RESPECTFULLY SUBMITTED,

                                                GRAEME HARRIS, Defendant

BY: /s/David G. Hill .
      DAVID G. HILL, MS Bar No. 2444
      Post Office Box 429
      Oxford, Mississippi 38655
      (662) 234-4315

CERTIFICATE OF SERVICE

I, DAVID G. HILL, attorney for the Defendant, GRAEME HARRIS, in the above and foregoing action, do hereby certify that I have electronically filed the above and foregoing with the Clerk of the United States District Court using the ECF system which sent notification of such filing to the following:

bob.norman@usdoj.gov
Mr. Bob Norman, AUSA
Assistant United States Attorney
900 Jefferson Avenue
Oxford, Mississippi 38655

Dated this 27th day of March, 2015.

/s/David G. Hill               .
DAVID G. HILL, MS Bar No. 2444